# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN BANKHEAD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WINTRUST FINANCIAL CORPORATION; and BARRINGTON BANK & TRUST CO., N.A., <br><br> Defendants. | Case No. 1:22-cv-02759 <br><br> Hon. John Robert Blakey |

## DEFENDANTS WINTRUST FINANCIAL CORPORATION AND BARRINGTON BANK & TRUST CO., N.A.'S
## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Wintrust Financial Corporation ("WFC") and Barrington Bank & Trust Co., N.A. ("Barrington") (collectively, "Wintrust") move to dismiss the Complaint filed by Plaintiff Kathleen Bankhead. In support thereof Wintrust has filed the accompanying Memorandum of Law and states as follows:

1. Plaintiff has not come close to alleging a plausible claim for race discrimination in the origination of her mortgage under the Equal Credit Opportunity Act, 42 U.S.C. § 1981, 42 U.S.C. § 1982, or the Fair Housing Act (Counts I-IV). Plaintiff alleges both disparate impact and intentional discrimination based *solely* on purported statistical disparities in public data. She relies on an unnamed "analysis" of data provided under the Home Mortgage Disclosure Act ("HMDA"), 12 U.S.C. §§ 2801-2810, to allege in conclusory fashion that there are improper disparities in Wintrust's nationwide loan approval and denial rates, fees, and interest rates.

2. Plaintiff's disparate impact theory ignores Supreme Court precedent and fails as a matter of law. It is well settled that statistical disparities alone are not enough to state a disparate

impact claim. Instead, Plaintiff is required to allege that Wintrust *caused* alleged statistical disparities by tying disparities to Wintrust's *specific policies*. *See Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 543-44 (2015). The Complaint makes no attempt to do so. In fact, Plaintiff does not identify a *single* Wintrust policy anywhere in her entire Complaint. This failure is especially problematic because regulators and courts have explicitly warned that HMDA data alone cannot show discrimination because the data do not take into account legitimate underwriting standards that often explain apparent disparities.

3. Plaintiff is even further from plausibly alleging intentional discrimination. The Complaint does not allege any facts to suggest that Wintrust's policies caused disparate impacts in the first place. And the Complaint alleges no facts, nor are there any, to suggest that Wintrust had any racial animus towards Plaintiff.

4. Plaintiff also fails to state plausible claims for breach of contract, promissory estoppel, and fraudulent inducement (Counts V-VII). The Complaint vaguely alleges that Wintrust contractually agreed, promised, or represented that it would provide the "lowest" interest rate, "favorable" terms, and a free "float down." But the Complaint does not identify any enforceable agreement, promise, or representation—in Plaintiff's mortgage or otherwise—let alone that Wintrust breached any such commitment.

5. In addition, the Complaint fails to state claims against WFC. WFC is a holding company for Barrington (and other subsidiaries). And Plaintiff obtained her loan from Wintrust Mortgage, a division of Barrington, not WFC. The Complaint does not allege any basis, nor is there any, to pierce the corporate veil to assert claims against WFC.

WHEREFORE, Wintrust respectfully requests that the Court dismiss the entire Complaint with prejudice.

Dated: August 1, 2022 Respectfully submitted,

By: /s/ Thomas V. Panoff
Lucia Nale
Thomas V. Panoff
Matthew C. Sostrin
Clare E. Myers
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
lnale@mayerbrown.com
tpanoff@mayerbrown.com
msostrin@mayerbrown.com
cmyers@mayerbrown.com

*Counsel for Defendants Wintrust Financial Corporation and Barrington Bank & Trust Co., N.A.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on August 1, 2022.

/s/ Thomas V. Panoff