**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN BANKHEAD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-02759 |
| v. | ) ) | Hon. John Robert Blakey |
| WINTRUST FINANCIAL CORPORATION; and BARRINGTON BANK & TRUST CO., N.A., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Wintrust Financial Corporation ("WFC") and Barrington Bank & Trust Co., N.A. ("Barrington") (collectively, "Wintrust") move to dismiss with prejudice the Amended Complaint [Dkt. 22] filed by Plaintiff Kathleen Bankhead. In support thereof, Wintrust has filed the accompanying Memorandum of Law and states as follows:

1. Plaintiff did not respond to Wintrust's original motion to dismiss [Dkts. 14 & 15] and instead filed a nearly-identical Amended Complaint that doubles down on the same baseless theory of liability that courts have repeatedly rejected. Indeed, Plaintiff's Amended Complaint failed to address the numerous bases for dismissal that Wintrust demonstrated in its prior motion to dismiss.

2. Accordingly, Plaintiff still has not come close to alleging a plausible claim for race discrimination in the origination of her mortgage loan under the Equal Credit Opportunity Act, 42 U.S.C. § 1981, 42 U.S.C. § 1982, or the Fair Housing Act (Counts I-IV). Plaintiff alleges both

disparate impact and intentional discrimination based ***solely*** on purported statistical disparities in public data. She relies on an unspecified "analysis" of data provided under the Home Mortgage Disclosure Act ("HMDA"), 12 U.S.C. §§ 2801-2810, to allege in conclusory fashion that there are improper racial disparities in Wintrust's loan approval and denial rates, fees, and interest rates.

3.     Plaintiff's disparate impact theory, however, ignores Supreme Court and regulatory precedent and fails as a matter of law. It is well settled that statistical disparities alone are not enough to state a disparate impact claim. Instead, Plaintiff is required to allege that Wintrust ***caused*** alleged statistical disparities by tying the alleged disparities to Wintrust's ***specific policies***. *See Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 543-44 (2015). The Amended Complaint makes no attempt to do so. In fact, even after Wintrust identified this deficiency in its original motion to dismiss, Plaintiff still does not identify a ***single*** Wintrust policy anywhere in her entire Amended Complaint. This failure is especially problematic because regulators and courts have explicitly warned that HMDA data alone cannot show discrimination because the data do not take into account legitimate underwriting standards that often explain apparent disparities.

4.     Plaintiff is even further from plausibly alleging intentional discrimination. The Amended Complaint still alleges no facts, nor are there any, to suggest that Wintrust had any racial animus towards Plaintiff.

5.     Plaintiff also fails to state plausible claims for breach of contract, promissory estoppel, and fraudulent inducement (Counts V-VII). The Amended Complaint vaguely alleges that Wintrust contractually agreed, promised, or represented that it would provide the "best" or "lowest" interest rate, "favorable" terms, and a free "float down." But the Amended Complaint

does not identify any enforceable agreement, promise, or representation—in Plaintiff's mortgage or otherwise—let alone that Wintrust breached any such commitment.

6.      In addition, the Amended Complaint fails to state claims against WFC.  WFC is a holding company for Barrington (and other subsidiaries).  And Plaintiff obtained her loan from Wintrust Mortgage, a division of Barrington, not WFC.  The Amended Complaint does not allege any basis, nor is there any, to pierce the corporate veil to assert claims against WFC.

7.      Accordingly, Wintrust respectfully requests that the Court dismiss the entire Amended Complaint with prejudice. Plaintiff's Amended Complaint failed to address the numerous bases for dismissal that Wintrust demonstrated in its prior motion to dismiss, thereby confirming that any future amendment by Plaintiff would be futile.  *See, e.g.*, *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 333-34, 347-48 (7th Cir. 2012).

*        *        *

WHEREFORE, Wintrust respectfully requests that the Court dismiss the entire Amended Complaint with prejudice.

Dated: September 23, 2022                    Respectfully submitted,


By: /s/ Thomas V. Panoff
Lucia Nale
Thomas V. Panoff
Matthew C. Sostrin
Clare E. Myers
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
lnale@mayerbrown.com
tpanoff@mayerbrown.com
msostrin@mayerbrown.com
cmyers@mayerbrown.com

3

*Counsel for Defendants Wintrust Financial Corporation and Barrington Bank & Trust Co., N.A.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on September 23, 2022.

/s/ Thomas V. Panoff