# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN BANKHEAD, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BARRINGTON BANK & TRUST CO., N.A. ) (d/b/a WINTRUST MORTGAGE) ) ) Defendant. ) | Case No. 1:22-cv-02759<br><br>Hon. John Robert Blakey |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Barrington Bank & Trust Co., N.A. d/b/a Wintrust Mortgage ("Wintrust") moves to dismiss with prejudice the Second Amended Complaint ("SAC") [Dkt. 34] filed by Plaintiff Kathleen Bankhead. In support thereof, Wintrust has filed the accompanying Memorandum of Law and states as follows:

1. Plaintiff's SAC adds very little and remains as legally deficient as her previously-dismissed Amended Complaint. *See Bankhead v. Wintrust Fin. Corp.*, 2023 WL 629054 (N.D. Ill. Sept. 27, 2023). As such, all of the Court's reasons for dismissing the Amended Complaint apply to the SAC as well. Given that Plaintiff has now had *three* attempts to try to plead a plausible racial discrimination claim and failed to do so, dismissal with prejudice is warranted.

2. Plaintiff continues to allege both disparate impact and intentional discrimination based *solely* on her statistical analysis of Wintrust's publicly-available data under the Home Mortgage Disclosure Act ("HMDA"), 12 U.S.C. §§ 2801-2810. Plaintiff's disparate impact claims are still deficient because the SAC fails to add *any* allegations of any specific Wintrust policies, let alone policies that purportedly caused disparate impacts. Plaintiff's continuing failure to allege

any specific Wintrust policies at all or robust causation defeats her disparate impact claims. *Bankhead* 2023 WL 629054, at *4-5; *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 543-44 (2015). The revisions in Plaintiff's SAC focus on her statistical analysis and now allege that she updated her regression analysis to account for some additional objective criteria. But Plaintiff still has not addressed important credit-related and other factors that can legitimately affect underwriting decisions (including borrowers' credit scores).

3. Plaintiff's intentional discrimination claims continue to be even weaker than her disparate impact claims. The SAC fails to add *any* allegations suggesting that Wintrust had any racial animus or intent to discriminate. At most, Plaintiff continues to use statistics to attempt to show a "disparity in *outcome*," but still does not allege "any factual basis to connect that disparity to [Wintrust's] intent." *Bankhead* 2023 WL 629054, at *4.

4. Plaintiff also fails to state plausible claims for breach of contract, promissory estoppel, and fraudulent inducement (Counts V-VII). The SAC vaguely alleges that Wintrust contractually agreed, promised, or represented that it would provide the "best" or "lowest" interest rate, "favorable" terms, and a free "float down." But the SAC does not and cannot identify any enforceable agreement, promise, or representation—in Plaintiff's mortgage or otherwise—let alone that Wintrust breached any such commitment or representation.

5. Accordingly, Wintrust respectfully requests that the Court dismiss the entire SAC with prejudice. Plaintiff has now had three chances to plead her claims, yet numerous fundamental flaws remain. Any further amendment would be futile.

\* \* \*

WHEREFORE, Wintrust respectfully requests that the Court dismiss the entire Second Amended Complaint with prejudice.

Dated: November 17, 2023 Respectfully submitted,

By: /s/ Thomas V. Panoff
Lucia Nale
Thomas V. Panoff
Matthew C. Sostrin
Clare E. Myers
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
lnale@mayerbrown.com
tpanoff@mayerbrown.com
msostrin@mayerbrown.com
cmyers@mayerbrown.com

*Counsel for Defendant Barrington Bank & Trust Co., N.A.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on November 17, 2023.

/s/ Thomas V. Panoff