IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN BANKHEAD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:22-cv-02759 Hon. John Robert Blakey |
| v. | ) ) | |
| BARRINGTON BANK & TRUST CO., N.A. (d/b/a WINTRUST MORTGAGE), | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Barrington Bank & Trust Co., N.A. d/b/a Wintrust Mortgage ("Wintrust") hereby submits the attached Seventh Circuit decision, *Farhan v. 2715 NMA LLC*, 2025 WL 3485574 (7th Cir. Dec. 4, 2025) (Ex. A), as supplemental authority in support of Wintrust's pending motion to dismiss. Dkt. 38-39.

In *Farhan*, the Seventh Circuit confirmed that a plaintiff asserting a disparate impact claim under the Fair Housing Act must allege specific policies and causation at the pleading stage: "*Inclusive Communities* tells us that for an FHA disparate impact claim a plaintiff must plead facts alleging a causal connection between a policy or action and a disparate impact on a protected class." *Farhan*, 2025 WL 3485574, at *6 (citing *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 543 (2015)). *Farhan* confirms that Plaintiff fails to state a disparate impact claim. Plaintiff still has not identified any specific Wintrust policies at all, let alone alleged any facts to show causality. Plaintiff alleges only that unnamed "uniform policies and practices" caused disparities. SAC ¶¶ 7, 9.

1

*Farhan* also addressed a disparate treatment claim. It explained that a disparate treatment claim "requires a showing of discriminatory intent—that the defendant took the action *because of* the plaintiff's protected status." *Farhan*, 2025 WL 3485574, at *4. And "[t]he complaint must offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]'" *Id.* (citations omitted). The plaintiff in *Farhan* had alleged that her landlord intentionally discriminated on the basis of her Palestinian national origin when it required her to remove a Palestinian flag from her window. *Id.* at *3-4. The Seventh Circuit found that that allegation was insufficient by itself to show discriminatory intent. *Id.* at *4-6. Plaintiff is even further from plausibly alleging that Wintrust intentionally discriminated on the basis of her race, because there is no evidence of any discriminatory animus when Wintrust approved Plaintiff for a conventional, 30-year mortgage with a fixed, 3.25% interest rate.

Dated: December 8, 2025

Respectfully submitted,

By: /s/ Matthew C. Sostrin
Lucia Nale
Matthew C. Sostrin
Clare E. Myers
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
lnale@mayerbrown.com
msostrin@mayerbrown.com
cmyers@mayerbrown.com

*Counsel for Defendant Barrington Bank & Trust Co., N.A.*

2

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on December 8, 2025.

                                              /s/ Matthew C. Sostrin